Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| RAMON RODRIGUEZ CLAUSELL<br><br>**Parte recurrente**<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>**Parte recurrida** | **TA2026RA00188** | **REVISIÓN ADMINISTRATIVA**<br>Procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.:<br>**150559**<br><br>Sobre:<br>NO CONCESIÓN DEL PRIVILEGIO DE LIBERTAD BAJO PALABRA-VISTA DE RECONSIDERACIÓN |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de mayo de 2026.

Comparece ante nos por *derecho propio*, Ramón Rodríguez Clausell, en adelante, Rodríguez Clausell o recurrente, solicitando que revisemos la *"Resolución"* que le fue notificada el 27 de febrero de 2026 por la Junta de Libertad Bajo Palabra, en adelante, JLBP. En la misma, concluyó que el recurrente *no cualifica* para beneficiarse de la libertad bajo palabra.

Por los fundamentos que expondremos a continuación, *confirmamos* el dictamen recurrido.

**I.**

Actualmente, Rodríguez Clausell se encuentra recluido mientras cumple con una sentencia de más de ciento setenta (170) años de prisión, por el delito y la tentativa de Asesinato en Primer Grado,[1] además de varias infracciones a la Ley de Armas[2].

---

[1] Artículo 83 del Código Penal de 1974, 33 LPRA ant. sec. 4002.
[2] Artículos 5, 6-A, 8-A y 11 de la Ley de Armas de Puerto Rico, 25 LPRA ant secs. 415, 416, 418, 421.

El 16 de abril de 2025, la JLBP adquirió jurisdicción para evaluar al recurrente para posiblemente disfrutar del privilegio de la libertad bajo palabra. El 2 de junio de 2025, la JLBP solicitó la corroboración del plan de salida sometido por Rodríguez Clausell.[3]

Luego de evaluar el expediente, la agencia recurrida emitió una *"Resolución"* el 19 de febrero de 2026, que fue notificada al recurrente el 27 de febrero de 2026, en la que denegó conceder el beneficio en cuestión al recurrente.[4] Razonó que Rodríguez Clausell no podía adquirir la libertad bajo palabra, por no contar con ciertos requisitos dispuestos por ley, tal como *residencia viable y empleo*. Indicó que su caso sería considerado nuevamente en el mes de febrero del año 2028.[5]

Inconforme, el recurrente presentó una *"Solicitud de Reconsideración"* ante la JLBP, que fue enviada el 18 de marzo de 2026 mediante correo electrónico, y recibida por la agencia recurrida el 19 de marzo de 2026.[6] En la misma, presentó prueba documental dirigida a demostrar que sí cuenta con empleo y residencia para ser recipiente del beneficio de libertad bajo palabra.[7] No habiéndose acogido ni atendido la misma, Rodríguez Clausell compareció ante nos mediante recurso de *Revisión Judicial,* el 16 de abril de 2026. En su escrito, el recurrente hizo los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró la Junta al determinar que el peticionario carece de un hogar viable, a pesar de existir dos alternativas independientes y suficientes sustentadas por evidencia documental en el expediente.

---

[3] Apéndice del recurso, Entrada Núm. 2.
[4] Expediente Administrativo, Anejo II-B, pág. 4.
[5] Apéndice del recurso, Entrada Núm. 2.
[6] Una evaluación de la documentación sometida por el recurrente y el expediente administrativo señala que el 8 de marzo de 2026 Rodríguez Clausell envió la reconsideración en una primera ocasión mediate correo postal, pero la misma fue devuelta. Por ello, optó por tramitar la misma mediante correo electrónico el 18 de marzo de 2026. Obsérvese que cualquiera de las fechas de envío está dentro del término de veinte (20) días proscrito para ello.
[7] Expediente Administrativo, Anejo II-A, pág. 2.

**SEGUNDO ERROR:** Erró la Junta al concluir que el peticionario no cuenta con una situación laboral adecuada, ignorando evidencia documental oficial, incluyendo el formulario W-2 y copia de sus talonarios de pago desde el inicio del proceso, que demuestra empleo real y verificable.

**TERCER ERROR:** Erró la Junta al incurrir en una actuación arbitraria, caprichosa e irrazonable, violatoria del debido proceso de ley, al ignorar evidencia sustancial del expediente y fallar en adjudicar adecuadamente la reconsideración presentada por el peticionario.

En su apéndice, Rodríguez Clausell anejó una copia de la petición de reconsideración ante la JLBP, fechada el 21 de febrero de 2026. Sin embargo, por no ser esto suficiente para establecer la interrupción del término para recurrir ante nos, mediante *"Resolución"* del 17 de abril de 2026, le concedimos cinco (5) días al recurrente para que acreditara la fecha en la que envió o notificó la moción de reconsideración a la agencia recurrida, conforme a la Regla 59 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Por otro lado, le concedimos cinco (5) días a esta última para que elevara copia del expediente administrativo del caso de epígrafe. También, ordenamos a la JLBP que se expresara con relación al recurso de Rodríguez Clausell, en o antes del 6 de mayo de 2026.

El 27 de abril de 2026, la JLBP compareció mediante una *"Moción en Cumplimiento de Resolución"*, en la que anejó el expediente administrativo solicitado. Del mismo surge que la agencia recurrida recibió la petición de reconsideración de Rodríguez Clausell el día 19 de marzo de 2026, permitiéndonos esto último constatar nuestra jurisdicción en el caso de marras. Además, el 5 de mayo de 2026, la JLBP presentó un *"Escrito en Cumplimiento de Resolución"*, mediante el cual solicitó que confirmáramos la *"Resolución"* recurrida.

Perfeccionado el recurso de autos, procedemos a resolver.

**II.**

**A. Revisión Judicial de Decisiones Administrativas**

En nuestro ordenamiento jurídico se le reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 589 (2019). Tal derecho, sin embargo, está sujeto a limitaciones legales y reglamentarias, entre las que se encuentra su correcto perfeccionamiento. *Isleta v. Inversiones Isleta Marina*, supra.

De otra parte, es harto conocido que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 215 DPR ___ (2024); *Isleta v. Inversiones Isleta Marina*, supra; *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011).

Sabido es que, en nuestro estado de derecho actual, las decisiones, órdenes y resoluciones finales de los organismos administrativos están sujetas a la revisión del Tribunal de Apelaciones. Artículo 4006 (c) de la Ley de la Judicatura de Puerto Rico, Ley Núm. 201-2003, 4LPRA sec. 24; Ley Núm. 38-2017 Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, en adelante, LPAUG, 3 LPRA secs. 9671 y 9672; Regla 56 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 75, 215 DPR ___ (2025); *Vur-Jer v. Junta Reglamentadora*, 2026 TSPR 46, 218 DPR ___ (2026); *Simpson, Passalaqua v. Quiros, Betances,* 214 DPR 370, 377 (2024); *Miranda Corrada v. DDEC, et al.*, 211 DPR 738, 745 (2023); *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022); *AAA v. UIA*, 200 DPR 903, 910 (2018). El objetivo principal de la revisión judicial consiste en auscultar si la agencia administrativa actuó de conformidad a las facultades que fueron conferidas por Ley. *Ruiz*

*Matos v. Dept. Corrección*, 213 DPR 291, 296 (2023); *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 113-114 (2023); *Pérez López v. Depto. Corrección*, 208 DPR 656, 672 (2022).

De ordinario, estas revisiones proceden al adjudicarse finalmente todas las controversias en consideración de la agencia y al agotarse todos los remedios administrativos disponibles para un litigante. *Vur-Jer v. Junta Reglamentadora,* supra; *Buxó Santiago v. ELA et als.,* 2024 TSPR 130, 215 DPR __ (2024); *Miranda Corrada v. DDEC, et al.*, supra, pág. 746; *Pérez López v. Dpto. Corrección*, supra, pág. 672; *Fonte Elizondo v. FR Conts.* 196 DPR 353, 358 (2016). Además, la facultad de cuestionar una determinación administrativa forma parte del debido proceso de ley, el cual es un derecho con rango constitucional. *ACT v. Prosol et als.*, 210 DPR 897, 908 (2022); *Asoc. Condomines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

Empero, huelga decir que "la revisión judicial no es equivalente a una sustitución automática del criterio e interpretación del ente administrativo." *Hernández Feliciano v. Mun. Quebradillas,* supra, págs. 115-116; *Capó Cruz v. Jta. Planificación, et al.,* 204 DPR 581, 591 (2020). A tenor con ello, el foro apelativo debe hacer distinción entre los asuntos consistentes a la discreción o pericia de la agencia, y las controversias relacionadas a la interpretación estatutaria, en las cuales los tribunales son especialistas. *Hernández Feliciano v. Mun. Quebradillas,* supra, pág. 116; *OCS v. Point Guard Ins.*, 205 DPR 1005, 1028 (2020).

Los foros judiciales estamos llamados a concederle deferencia a las decisiones de las agencias administrativas por razón de la experiencia y el conocimiento especializado que estas poseen sobre los asuntos que se les han delegado. *Vázquez et al. v. DACo,* 2025 TSPR 56, 215 DPR ___ (2025); *Katiria's Café Inc. v. Mun. Aut. San Juan,* 2025 TSPR 33, 215 DPR __ (2025); *Jusino Rodríguez v. Junta*

*de Retiro*, 2024 TSPR 138, 215 DPR __ (2024); *Otero Rivera v. USAA Fed. Savs. Bank*, 214 DPR 473, 484 (2024); *Voilí Voilá Corp. v. Mun. Guaynabo*, 213 DPR 743, 754 (2024); *Hernández Feliciano v. Municipio de Quebradillas*, supra, pág. 114; *OEG v. Martínez Giraud*, supra, págs. 88-89; *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Cónsono con lo anterior, los dictámenes administrativos están revestidos de una presunción de legalidad y corrección, la cual subsiste, mientras que la parte que los impugna no produzca suficiente evidencia para derrotarla. *Katiria's Café Inc. v. Mun. Aut. San Juan*, supra; *Transp. Sonell v. Jta. Subastas ACT*, 214 DPR 633, 648 (2024); *Otero Rivera v. USAA Fed. Savs Bank*, supra; *Voilí Voilá Corp. v. Mun. Guaynabo*, supra; *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 114; *OEG v. Martínez Giraud*, supra, pág. 89; *Rolón Martínez v. Supte. Policía*, supra, pág. 35.

Sin embargo, nuestro más Alto Foro recientemente dispuso, acogiendo así la normativa que impera en el Foro Federal, que la deferencia administrativa debida *no se extiende a las determinaciones de derecho. Vázquez, et als. vs. DACo*, supra. Es decir, la deferencia de los foros judiciales a las agencias administrativas continua vigente para las determinaciones de hecho que estas realicen. Sin embargo, conforme al cumplimiento de las facultades revisoras sobre el derecho, estamos instruidos por nuestro Tribunal Supremo a revisar, sin los amarres de la deferencia, las determinaciones de derecho de las agencias administrativas. *Id.* Por su parte, la LPAUG, supra, sec. 9675 dispone que "[l]as determinaciones de derecho pueden ser revisables en todos sus aspectos por el tribunal". Por todo lo cual, el precitado caso reza de la siguiente manera:

> [l]a interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. Así, enfatizamos la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU,

supra. Como corolario, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, **será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos.**

*Vázquez, et als. vs. DACo,* supra.

(Énfasis suplido).

### B. Junta de Libertad Bajo Palabra

La Constitución de Puerto Rico establece como política pública "reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Artículo VI, Sección 19, Const. PR, LPRA Tomo I. *Lebrón Laureano v. Dpto. Corrección,* 209 DPR 489, 498-499 (2022). A esos fines existe la Junta, regulada, a su vez, por la Ley Número 118 de 22 de Julio de 1974, en adelante, Ley de la Junta, 4 LPRA sec. 1501, *et seq.* El sistema de libertad bajo palabra permite que una persona que haya sido convicta y sentenciada a un término de cárcel cumpla la última parte de su sentencia fuera de la institución penal, sujeto al cumplimiento de las condiciones que se impongan para conceder la libertad. *Maldonado Elías v. González Rivera,* 118 DPR 260, 275 (1987). A tales efectos, tiene el propósito principal de ayudar a las personas confinadas a reintegrarse a la sociedad en forma positiva tan pronto estén capacitados, sin tener que estar encarcelados por todo el término de la sentencia impuesta. Artículo 3 de la Ley de la Junta, supra, sec. 1503.

El Artículo 3(a)(6) de la precitada Ley dispone que para determinar si conceder el privilegio de libertad bajo palabra, la Junta tendrá ante sí toda información posible sobre el historial social, médico, ocupacional y delictivo de cada confinado. Ley de la Junta, supra, sec. 1503. A esos fines, el Artículo XIV de la Sección 14.1(A)

del Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020, establece que "[l]a Junta tomará su determinación a base de la preponderancia de la prueba, a la luz de la prueba presentada durante la vista y la totalidad del expediente del caso". A su vez, "evaluará las solicitudes del privilegio, caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión". Artículo X, Sección 10.1(A), Reglamento de la Junta de Libertad Bajo Palabra, supra.

La JLBP es responsable de considerar el "mejor interés de la sociedad" y concederá los privilegios de libertad que está facultada para otorgar "cuando las circunstancias presentes [le] permitan [...] creer, con razonable certeza que tal medida habrá de ayudar a la rehabilitación del delincuente". Artículo 3(a) de la Ley de la Junta, supra, sec. 1503. Además, la referida Ley dispone los siguientes criterios que deberá evaluar la Junta para determinar la elegibilidad de los que solicitan la libertad bajo palabra:

> (1) La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.
> (2) Las veces que el confinado haya sido convicto y sentenciado.
> (3) Una relación de liquidación de la sentencia o sentencias que cumple el confinado.
> (4) ***La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado***.
> (5) El de ajuste institucional y del social y psicológico del confinado, preparado por la Administración de Corrección y el médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.
> (6) La edad del confinado.
> (7) El o los tratamientos para condiciones de salud que reciba el confinado.
> (8) La opinión de la víctima.
> (9) ***Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado***.

(10) ***Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra***.

(11) Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento. La Junta ***tendrá la discreción*** para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho.

Artículo 3-D Ley de la Junta, supra, sec. 1503d.

(Énfasis suplido).

Ahora bien, el Reglamento Número 9684, intitulado *Reglamento de la Junta de Libertad Bajo Palabra*, aprobado el 8 de agosto de 2025, en adelante, Reglamento Núm. 9684, establece las normas procesales que rigen el ejercicio de la función adjudicativa de la JLBP. El mismo expande y define con mayor precisión los criterios que la JLBP deberá considerar para conceder el beneficio aludido. A esos efectos, la Sección 10.1 del Reglamento Núm. 9684, *supra*, estipula que:

A. La junta evaluará las solicitudes del privilegio, caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión.

B. Al evaluar los casos, la Junta tomara en consideración los siguientes criterios con relación al peticionario:

1. Historial delictivo

[...]

7. El historial social

[...]

8. Si cuenta con ***un plan de salida estructurado y viable*** en las áreas de ***oferta de empleo*** y/o estudio y ***residencia***.

[...]

d. ***Oferta de empleo*** y/o estudio.

i. Todo peticionario deberá proveer una oferta de empleo, o, en la alternativa, un plan de estudios o adiestramiento vocacional, o estudio y trabajo.

ii. La oferta de empleo se presentará mediante carta suscrita por la persona que extiende la oferta de empleo al peticionario, incluyendo la siguiente información:

(a) Nombre complete, dirección postal, física, electrónica y teléfono(s) de la persona que

ofrece el empleo. (b) Nombre, dirección postal, física, electrónica y teléfono(s) y naturaleza del negocio en el cual / se ofrece el empleo. (c) Funciones que ejercerá el peticionario y el horario de trabajo.

[...]

e. ***Residencia***

i. Todo peticionario tiene que indicar el lugar en el cual piensa residir de serle concedida la libertad bajo palabra, bien sea en una residencia o en un programa interno.

ii. De proponer una residencia, el peticionario proveerá a su técnico de servicio socio penal el nombre completo, número de teléfono y correo electrónico de la persona con la cual residirá, o de algún familiar cercano, así como la dirección física de la residencia para que esta sea corroborada para el Programa de Comunidad correspondiente. En estos casos, se realizará además una investigación sobre la actitud de la comunidad donde propone residir el peticionario, de serle concedida la libertad bajo palabra.

[...]

v. Para determinar si la vivienda propuesta es viable, la Junta considerará, pero sin limitarse a, lo siguiente:

(a) Las características personales e historial delictivo de las personas con las cuales convivirá el peticionario en la vivienda, y como el peticionarlo se relaciona con estos.

(b) Opinión de la comunidad sobre la determinación de conceder el privilegio y de las personas con las cuales convivirá el peticionario.

(c) Condición de la planta física de la residencia y cantidad de habitantes en esta.

(d) Si el peticionario cumple sentencia por alguno de los siguientes delitos, en cualquiera de sus modalidades, incluyendo las tentativas: 1) asesinato; 2) delitos contra la indemnidad sexual; 3) secuestro; 4) delitos tipificados en la Ley de Prevención e Intervención con la Violencia Domestica, Ley Núm. 54 de 15 de agosto de 1989, según enmendada; o, 5) Robo, será requisito presentar una propuesta de residencia que este a una distancia mayor de

15 millas o 30 minutes de noche en automóvil
de la residencia de la parte perjudicada. [...] (i)
Cualquier otra consideración que la Junta
estime pertinente dentro de los méritos del caso
individual.
(Énfasis suplido).

Además, la subsección siguiente dispone que el Departamento de Corrección y Rehabilitación le deberá remitir una serie de documentos a la JLBP, para que esta última realice su evaluación. La lista taxativa a estos efectos incluye un **plan de salida propuesto** y una **carta de oferta de empleo**, y en su defecto, carta de aceptación a algún programa académico. Sección 10.2 del Reglamento Núm. 9684, *supra.*

El referido reglamento dispone que la determinación de la JLBP será tomada "base de la preponderancia de prueba, a la luz de la prueba presentada durante la vista y la totalidad del expediente del caso". Sección 14.1 del Reglamento Núm. 9684, *supra.*

Finalmente, huelga mencionar que por su naturaleza estatutaria, y lo establecido en nuestra jurisprudencia, los beneficios de libertad bajo palabra **no son derechos que se puedan exigir,** sino que se trata de **privilegios** cuya concesión y administración son puramente discrecionales y recaen en la Junta. Estos son privilegios concebidos para ayudar a los convictos en su proceso de rehabilitación y se considera que mientras se disfruta de estos beneficios, la persona está técnicamente en reclusión. *Pueblo v. Negrón Caldero,* 157 DPR 413 (2002); *Pueblo v. Martínez Rivera,* 99 DPR 568, 575 (1971).

Bien lo ilustra en una opinión el pasado Secretario de Justicia, Héctor Rivera Cruz, cuando describe el privilegio en cuestión como "una gracia legislativa cuya concesión y administración se confía a la Junta de Libertad Bajo Palabra para que esta agencia conceda dicha gracia con los grados de discreción, independencia y juiciosa

ponderación indispensable a la mejor administración de la justicia". Opiniones del Secretario de Justicia de Puerto Rico, Vol. LIX, Op. Sec. Just. Núm. 1988-33 (18 de febrero de 1998).

**III.**

Rodríguez Clausell recurre ante esta Curia impugnando la *"Resolución"* de la JLBP que le denegó el beneficio de la libertad bajo palabra. Aduce que la agencia recurrida se equivocó al ignorar alternativas "independientes y suficientes" para el hogar viable. Sostiene además que tiene empleo, y así lo evidenció, por lo que erró la JLBP al concluir que el recurrente no contaba con situación laboral adecuada. Por estas razones, propone arbitrariedad e irrazonabilidad en la determinación de la parte recurrida. *No le asiste la razón.*

Hacemos bien comenzando nuestras expresiones recordando que la libertad bajo palabra es un beneficio de naturaleza privilegiada. Si bien esta alternativa a la reclusión carcelaria responde a la política pública de nuestro estado de derecho sobre la rehabilitación, la misma no es un derecho a merced de nuestra Constitución. Es decir, ningún reo es acreedor de este beneficio, aun cuando cumpla con los criterios *pro forma* del mismo. Sobre esto último, distinguimos que la JLBP goza de gran amplitud y discreción a la hora de conceder la libertad bajo palabra. Aun cuando un interesado en la misma puede impugnar la determinación de la JLBP, no puede así hacerlo so pretexto de violaciones a derechos fundamentales. Dicho lo anterior, evaluemos el dictamen recurrido, a la luz de la normativa que encausa nuestra facultad revisora sobre determinaciones administrativas.

Según esbozáramos previamente, la agencia recurrida tiene el deber de realizar una serie de evaluaciones a los peticionarios de la libertad bajo palabra. La Ley Habilitadora de la agencia recurrida,

así como el Reglamento Núm. 9684, *supra,* esboza los criterios requeridos para el mismo, así como la documentación necesaria para a solicitud. En el caso de epígrafe, la JLBP denegó el beneficio a Rodríguez Clausell por entender que este no contaba con empleo y vivienda adecuada. Este Tribunal ha evaluado con detenimiento el expediente de autos, y los documentos que obran en él.

Respecto a la situación laboral adecuada requerida para el beneficio de la libertad bajo palabra, concedemos que el recurrente presentó evidencia conducente a la conclusión que sí cuenta con oferta de empleo y/o empleo. Hemos distinguido los talonarios, así como las comunicaciones de la empresa Interlink Construction. Sin embargo, también surge una comunicación aparentemente oficial de la misma compañía, en la que se indica que el recurrente no labora allí. Aun si estas discrepancias fueran el resultado de una mera falta de comunicación, y el recurrente aun contara con el empleo de Interlink Construction, subsiste la situación de vivienda.

Surge del expediente que la intención principal de Rodríguez Clausell es residir con su esposa, quien vive en una propiedad en el municipio de Humacao, bajo el beneficio del Programa de Sección 8 federal. Los arrendadores no se oponen a que estos residen en la propiedad de manera privada. Sin embargo, si optaban por continuar beneficiándose del Programa de Sección 8, el recurrente debería ser incluido en el mismo. Una misiva del Programa de Vivienda Sección 8 del Municipio de Naguabo surge que para esto último existen restricciones por antecedentes penales, deberá cumplir con ciertos requisitos de elegibilidad, además de considerarse la discreción que para ello ostenta el *Public Housing Agency* involucrado, si alguno.

El recurrente tiene razón al exponer que existen alternativas de vivienda para él. La situación que divisamos es que Rodríguez Clausell no evidenció adherirse a una, o un plan de acción dirigido

a alguna de sus opciones. Lo cierto es que al momento de evaluar su solicitud, la JLBP no contaba con la prueba necesaria y fehaciente que acreditara la vivienda viable del recurrente.

Evaluada el caso de autos, concluimos que, a la luz de la divergente documentación relacionada al empleo de Rodríguez Clausell y la ausencia de vivienda viable, no abusó la JLBP de su discreción ni actuó de manera irrazonable o caprichosa al denegar la petición del recurrente.

## IV.

Por los fundamentos previamente esbozados, *confirmamos la "Resolución" recurrida.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones